# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON, | Case No.  1:21-cv-01575-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DECLARE PLAINTIFF TO BE A THREE-STRIKE LITIGANT AND REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g) |
| v. | |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## I.

## BACKGROUND

Paul Nivard Beaton (prisoner no. AS-1346) ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis* (*IFP*), filed this action against the Department of Treasury, Internal Revenue Service ("IRS") on October 25, 2021.  (ECF No. 1.)  Plaintiff alleges a <u>Bivens</u> action and violations of his rights pursuant to an "Act of Congress" and Article I of the United States Constitution.  (<u>See generally id.</u>)  Plaintiff generally complains that while he received the first Economic Impact Payment (EIP) check of $600 pursuant to the March 11, 2021 American Rescue Plan, he never received the second EIP check for $1,400, and various IRS and prison officials did not respond to

1

his inquiries.  (Id.)  On October 26, 2021, the Court granted Plaintiff's application to proceed *IFP*.  (ECF No. 3.)  However, for the reasons set forth herein, the Court recommends that Plaintiff be declared a three-strike litigant pursuant to 28 U.S.C. § 1915(g), that Plaintiff's *IFP* status be revoked in this matter, and that Plaintiff be required to pay the full filing fee before he is permitted to proceed in this litigation or face dismissal.[1]

## II.

## LEGAL STANDARD

As mentioned, the Court previously granted Plaintiff leave to proceed *IFP*.  (ECF No. 3.)  Nevertheless, *IFP* status may be revoked at any time, either on motion or *sua sponte*, if the Court determines that such status should not have been granted.  See, e.g., Schwerdtfeger v. Paramo, No. 19-cv-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021) (collecting cases).  Indeed, Andrews v. King implicitly allows the Court to *sua sponte* raise the § 1915(g) problem, so long as the court notifies the prisoner of the earlier dismissals considered to support a revocation of *IFP* status and provides the prisoner an opportunity to be heard on the matter before dismissing the action.  See Andrews v. King (King), 398 F.3d 1113, 1120 (9th Cir. 2005).  This is because *IFP* status "is not a constitutional right."  Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999); see also Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed [*IFP*] is a privilege, not a right[;] courts have the discretion to revoke that privilege when it no longer serves its goals") (citation omitted).  Rather, it may be acquired and lost during the course of litigation.  Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), vacated in part on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).

The plain language of the statute, known as the "Three Strikes" provision of the Prison Litigation Reform Act (PLRA), makes clear that a prisoner is precluded from bringing a civil action or an appeal *IFP* if he has brought three actions or appeals (or any combination thereof totaling three) that were previously dismissed as frivolous, malicious, or for failure to state a claim.  See Lomax v. Ortiz-Marquez, 140 S. Ct. 1723 (2020) (citing § 1915(g)); see also Rodriguez, 169 F.3d

---

[1] The Court notes Plaintiff consented to magistrate jurisdiction over this litigation on November 10, 2021.  (ECF No. 6.)  However, the Court additionally notes that not all parties have consented to magistrate jurisdiction because Defendant IRS has not yet been served or appeared in this matter.

at 1178.  More specifically, Title 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Coleman v. Tollefson, 575 U.S. 532 (2015) (holding a dismissal that is on appeal counts as a strike during the pendency of the appeal); Lomax, 140 S. Ct. at 1727 (a dismissal for failure to state a claim counts as a strike under § 1915(g), regardless of whether the dismissal was with or without prejudice); Washington v. L.A. Cnty. Sheriff's Dep't, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes).

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal.  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013); see also El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (the style of the dismissal or the procedural posture is immaterial).  However, a dismissal qualifies as a strike only where the entire action was dismissed for a qualifying reason under the PLRA.  Hoffman v. Pulido, 928 F.3d. 1147, 1152 (9th Cir. 2019) (in multi-claim case, all causes of action must be dismissed under the PLRA) (citing Washington, 833 F.3d at 1057); see also Harris v. Harris, 935 F.3d 670 (9th Cir. 2019) (holding that if one reason supporting a dismissal is not a reason enumerated under § 1915A, then that reason "saves" the dismissal from counting as a strike).

If a prisoner has "three strikes" under § 1915(g), he may not proceed without paying the full filing fee unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' " at the time his complaint was filed.  Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1051–52 (9th Cir. 2007).  In evaluating whether the imminent danger exception applies, the court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger "may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations." Cervantes, 493 F. 3d at 1057 fn. 11 (collecting cases and noting normal preclusion principles will

3

prevent a prisoner from avoiding the three-strike rule based on allegations rejected in an earlier case).

### III.

### DISCUSSION

**A.      Plaintiff has Three or More Qualifying Strikes**

A review of the record of actions filed by Plaintiff in the United States District Court for the Eastern District of California reveals that Plaintiff has filed at least three actions that were dismissed and qualify as strikes as under § 1915(g) prior to filing this lawsuit.  The Court takes judicial notice of the following cases which it deems to be strikes:[2]

1.      Beaton v. State of California, No. 1:19-cv-00917-AWI-JLT (E.D. Cal. 2019)

**a.      Actions and Reasons Underlying the Dismissal**

Plaintiff initiated this prisoner civil rights action on July 3, 2019, proceeding *pro se* and *IFP*.  Beaton, No. 1:19-cv-00917-AWI-JLT, ECF Nos. 1, 5.  Thereafter, Plaintiff filed a motion to file an amended complaint, which the court granted.  Id. at ECF Nos. 8, 9.  Plaintiff's first amended complaint raised claims under the Americans with Disabilities Act (ADA), the Civil Rights of Institutionalized Persons Act, and 42 U.S.C. § 1983 (equal protection and deliberate indifference). Id. at ECF No. 10.  The magistrate judge screened the first amended complaint pursuant to § 1915A and found Plaintiff failed to state a cognizable claim under those statutes.  Id. at ECF No. 11.  More specifically, the magistrate judge found: (1) Plaintiff failed to assert an ADA claim because he did not allege facts identifying any disability or showing that he was excluded from participation in/denied benefits of prison services or programs by reason of a disability; (2) Plaintiff could not assert a claim under the Civil Rights of Institutionalized Persons Act as a matter of law because the statute does not provide a private right of action; (3) Plaintiff failed to state an equal protection claim because he did not allege facts showing that he was a member of an identifiable class or that

---

[2] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

4

1   the defendants discriminated against him based on his membership in said class; and (4) Plaintiff

2   failed to state a claim for deliberate indifference because he did not allege facts showing the

3   defendants were aware of any substantial risk of serious harm to Plaintiff.  Id.  Finding Plaintiff

4   failed to state a claim with respect to any of his asserted claims, the magistrate judge dismissed the

5   first amended complaint and granted Plaintiff leave to file a second amended complaint.  Id.

6        Plaintiff filed a second amended complaint, which the magistrate judge also screened.  Id.

7   at ECF Nos. 14, 16.  In screening the second amended complaint, the magistrate judge found

8   Plaintiff again failed to state any cognizable claim for relief but granted Plaintiff a final opportunity

9   to amend.  Id. at ECF No. 16.

10       Thereafter, Plaintiff filed a third amended complaint; the magistrate judge subsequently

11  screened the amended complaint, found Plaintiff again failed to allege any cognizable claim, and

12  determined that further amendment would be futile.  Id. at ECF Nos. 24, 26.  Accordingly, the

13  magistrate judge issued findings and recommendations to dismiss the complaint with prejudice for

14  failure to state a claim.  Id. at ECF No. 26.  The district judge adopted the findings and

15  recommendations on December 1, 2020 and entered judgement the same day.  Id. at ECF Nos. 28,

16  29.

17       Plaintiff appealed the dismissal, but ultimately moved to voluntarily dismiss the appeal.  Id.

18  at ECF No. 30.  The Ninth Circuit dismissed Plaintiff's appeal on May 20, 2021.  Id. at ECF No.

19  34.

20       **b.    Whether Dismissal Constitutes Strike**

21       This dismissal indisputably constitutes a strike under § 1915(g).  It is the law of the Circuit

22  that disposition of a prisoner complaint on grounds that the complaint fails to state a claim under

23  1915A, constitutes both a dismissal and a strike within the meaning of § 1915(g).  O'Neal v. Price,

24  531 F.3d 1146, 1153 (9th Cir. 2008) (dismissal pursuant to screening order for failure to state a

25  claim constitutes strike under § 1915(g)); King, 398 F.3d at 1121 ("failure to state a claim" language

26  under § 1915 parallels language of Fed. R. Civ. P. 12(b)(6)) for purposes of determining strikes);

27  Cervantes, 493 F.2d at 1052; see also 28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727.

28       Beaton v. State of California was expressly dismissed for failure to state a claim on which

relief can be granted, with citation to § 1915A(b)(1).  Accordingly, Case No. 1:19-cv-00917-AWI-JLT (E.D. Cal. 2019) must be counted as a strike.

2.      Beaton v. State of California, No. 1:19-cv-00952-AWI-EPG (E.D. Cal. 2019)

a.      **Actions and Reasons Underlying the Dismissal**

Plaintiff initiated this prisoner civil rights action on July 12, 2019, proceeding *pro se* and *IFP*.  Beaton, No. 19-cv-00952-AWI-EPG, ECF Nos. 1, 5.  The magistrate judge screened the complaint pursuant to § 1915A(a) and determined, pursuant to § 1915A(b), that Plaintiff failed to state a cognizable § 1983 claim based on allegations of false information in his medical records regarding his criminal history and mental health status.  Id. at ECF No. 11.  Alternatively, the magistrate judge found the face of the complaint demonstrated Plaintiff had failed to exhaust his administrative remedies prior to initiating the action.  Id.  Accordingly, the magistrate judge recommended dismissal without leave to amend for failure to state a claim under both theories.  Id.  Further, the magistrate judge recommended that the dismissal be subject to the "three strikes" provision of § 1915(g).  Id.  The District Judge adopted the findings and recommendations and dismissed the action, with prejudice, based on Plaintiff's failure to state a cognizable claim under § 1983.  Id. at ECF No. 13.  Further, the District Judge held the dismissal was subject to the "three strikes" provision of § 1915(g).  Id.  Plaintiff did not appeal the dismissal.

b.      **Whether Dismissal Constitutes Strike**

Beaton v. State of California was expressly dismissed for failure to state a claim on which relief can be granted, with citation to § 1915A(b).  Further, the order of dismissal indicated the dismissal was to be construed as a strike pursuant to § 1915(g).  Accordingly, Case No. 19-cv-00952-AWI-EPG (E.D. Cal. 2019) must be counted as a strike.  28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153; King, 398 F.3d at 1121; Cervantes, 493 F.2d at 1052.

3.      Beaton v. California, No. 1:19-cv-01072-DAD-JLT (E.D. Cal. 2019)

a.      **Actions and Reasons Underlying the Dismissal**

Plaintiff initiated this prisoner civil rights action on August 6, 2019, proceeding *pro se* and *IFP*.  Beaton, No. 1:19-cv-01072-DAD-JLT, ECF Nos. 1, 5.  The magistrate judge screened Plaintiff's complaint pursuant to § 1915A(a) and found Plaintiff failed to allege sufficient facts to

establish standing, his claims against the State of California were barred by Eleventh Amendment immunity, and he did not identify any individuals against whom he might assert a § 1983 claim. Id. at ECF No. 7.  Accordingly, the magistrate judge dismissed the complaint and granted Plaintiff leave to amend.  Id.  Further, the magistrate judge explained the legal standards for equal protection, conditions of confinement, and due process claims to Plaintiff so that he might cure the identified pleading deficiencies as to these potential causes of action through amendment.  Id.

Thereafter, Plaintiff filed a first amended complaint, which the magistrate judge also screened pursuant to § 1915A(a).  Id. at ECF Nos. 9, 11.  The magistrate judge issued findings and recommendations finding Plaintiff again failed to state a cognizable claim for relief because he did not allege facts showing any injury in fact, and recommending the action be dismissed because further amendment would be futile.  Id. at ECF No. 11.  On July 21, 2020, the district judge adopted the findings and recommendations in full, dismissed the action due to Plaintiff's failure to state a cognizable claim for relief or adequately plead standing, and entered judgment.  Id. at ECF Nos. 13, 14.

Plaintiff appealed the dismissal on August 13, 2020.  Id. at ECF No. 17.  However, Plaintiff subsequently moved to voluntarily dismiss the appeal and the Ninth Circuit dismissed the appeal on May 17, 2021.  Id. at ECF No. 22.

**b.    Whether Dismissal Constitutes Strike**

Beaton v. California was expressly dismissed for failure to state a claim on which relief can be granted and failure to plead standing.  Accordingly, Case No. 1:19-cv-01072-DAD-JLT (E.D. Cal. 2019) must be counted as a strike.  28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153; King, 398 F.3d at 1121; Cervantes, 493 F.2d at 1052.

4.    Beaton v. Chase Home Finance, No. 2:07-cv-01321-MCE-EFB (E.D. Cal. 2007)

**a.    Actions and Reasons Underlying the Dismissal**

Plaintiff initiated this civil action against Chase Home Finance on July 5, 2007, proceeding pro se as a state prisoner.  Beaton, No. 2:07-cv-01321-MCE-EFB, ECF No. 1.  The complaint purported to assert claims under "respa, HUD laws, to the federal government, and to God" based, in short, on allegations that Chase wrongfully increased Plaintiff's mortgage payment to cover

7

increased county taxes.  Id.  Plaintiff further maintained his case was brought as a civil rights action because he was born in Cuba and Chase allegedly discriminated against him on the basis of his national origin.  Id.  Chase moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Id. at ECF No. 7.  The magistrate judge found Plaintiff failed to allege any facts in the complaint sufficient to state a claim, granted Chase's motion to dismiss, and granted Plaintiff leave to file an amended complaint.  Id. at ECF No. 17.

On April 16, 2008, Plaintiff filed an amended complaint.  Id. at ECF No. 18.  Chase filed another motion to dismiss pursuant to Rule 12(b)(6).  Id. at ECF No. 19.  On July 11, 2008, the magistrate judge issued findings and recommendations finding Plaintiff's allegations were "largely incoherent and vague" and were insufficient to state any claim, and recommending the district judge grant Chase's motion and dismiss the action.  Id. at ECF No. 28.  On August 20, 2008, the district judge adopted the findings and recommendations in full, granted Chase's Rule 12(b)(6) motion to dismiss, dismissed the action without further leave to amend, and entered judgment.  Id. at ECF Nos. 29, 30.  Plaintiff did not appeal the dismissal.

### b.    Whether Dismissal Constitutes Strike

Beaton v. Chase Home Finance was expressly dismissed for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6).  Accordingly, Case No. 2:07-cv-01321-MCE-EFB (E.D. Cal. 2007) must be counted as a strike.  28 U.S.C. § 1915(g) (strikes pertain to any civil action brought by a prisoner while he is incarcerated or detained); Lomax, 140 S. Ct. at 1727; O'Neal, 531 F.3d at 1153; King, 398 F.3d at 1121 (phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6)); Cervantes, 493 F.2d at 1052.

### 5.    Beaton v. California Medical Facility, No. 2:16-cv-02446-JAM-DB (E.D. Cal. 2016)

### a.    Actions and Reasons Underlying the Dismissal

Plaintiff initiated this prisoner civil rights action on October 13, 2016, proceeding *pro se* and *IFP*.  Beaton, 2:16-cv-02446-JAM-DB, ECF Nos. 1, 7, 8.  On September 27, 2017, the magistrate judge attempted to screen Plaintiff's complaint pursuant to § 1915A(a), but ultimately held she was unable to do so because of Plaintiff's failure to comply with the threshold pleading

1   standards set forth under Rule 8(a)(2) and (d)(1), which require the complaint be "a short and plain

2   statement" in which each claim be set forth simply, concisely and directly.  Id. at ECF No. 7.

3   Rather, the magistrate judge commented that Plaintiff's complaint, which consisted of a

4   combination of handwritten and typed passages, including illegible handwritten notes and asides

5   on the typed pages, amounted to a lengthy, winding narrative from which the magistrate judge was

6   unable to discern Plaintiff's claims.  Id.  Accordingly, the magistrate judge dismissed Plaintiff's

7   complaint but granted him leave to file an amended complaint that comported with the pleading

8   requirements of Rule 8.  Id.

9        After the deadline to file an amended complaint had passed, the magistrate judge issued an

10   order directing Plaintiff to either dismiss the action or file an amended complaint within fourteen

11   days.  Id. at ECF No. 10.  On March 20, 2018, following Plaintiff's failure to file an amended

12   complaint or notice of dismissal in compliance with the court's order, the magistrate judge issued

13   findings and recommendations recommending the action be dismissed.  Id. at ECF No. 11.  On

14   April 27, 2018, the district judge adopted the findings and recommendations in full, dismissed the

15   action without prejudice, and entered judgment.  Id. at ECF Nos. 12, 13.  Plaintiff did not appeal

16   the dismissal.

17        **b.      Whether Dismissal Constitutes Strike**

18        Beaton v. California Medical Facility was dismissed for failure to prosecute following the

19   dismissal of the complaint based on Plaintiff's failure to state a claim on which relief can be granted.

20   The Ninth Circuit has held that where a court dismisses a complaint for failure to state claim with

21   leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing

22   an amended complaint constitutes a strike for purposes of § 1915(g).  Harris v. Magnum, 863 F.3d

23   1133, 1143 (9th Cir. 2017).  Accordingly, Case No. 2:16-cv-02446-JAM-DB (E.D. Cal. 2016) must

24   be counted as a strike.

25        6.      Beaton v. U.S. Immigration, 2:19-cv-02039-TLN-CKD (E.D. Cal. 2019)

26        **a.      Actions and Reasons Underlying the Dismissal**

27        Plaintiff initiated this prisoner civil rights action on October 8, 2019, proceeding *pro se* and

28   *IFP*.  Beaton, 2:19-cv-02039-TLN-CKD, ECF Nos. 1, 8, 9.  On March 19, 2020, the magistrate

9

1  judge screened Plaintiff's complaint pursuant to § 1915A(a), and found the complaint failed to state

2  a claim upon which relief could be granted.  Id. at ECF No. 8.  Accordingly, the magistrate judge

3  dismissed the complaint and granted Plaintiff leave to file an amended complaint.  Id.

4      Plaintiff filed a first amended complaint, which the magistrate judge also screened pursuant

5  to § 1915A and found failed to state a claim.  Id. at ECF Nos. 12, 13.  More specifically, the

6  magistrate judge noted Plaintiff's challenge to California Department of Corrections and

7  Rehabilitation's (CDCR) identification of him as a "resident alien" and not a "naturalized citizen"

8  of the United States "fails to point to anything that provides plaintiff with any basis for relief at this

9  point under 42 U.S.C. § 1983."  Id. at ECF No. 13.  The magistrate judge thus dismissed the first

10  amended complaint and granted Plaintiff leave to file a second amended complaint.  Id.

11      Thereafter, Plaintiff filed a second amended complaint, which was also screened by the

12  magistrate judge.  Id. at ECF Nos. 16, 17.  In again finding the complaint failed to state a cognizable

13  claim for relief, the magistrate judge noted Plaintiff failed to identify any recourse that might be

14  sought under § 1983 and not within the explicit confines of 8 U.S.C. § 1229a.  Id. at ECF No. 17.

15  Accordingly, the magistrate judge issued findings and recommendations recommending dismissal

16  of the action for failure to state a cognizable claim.  Id.  On June 22, 2020, the district judge adopted

17  the findings and recommendations in full, dismissed the action for failure to state a claim upon

18  which relief can be granted, and entered judgment.  Id. at ECF Nos. 19, 20.

19      Plaintiff appealed the dismissal.  Id. at ECF No. 21.  However, on November 15, 2021, the

20  Ninth Circuit affirmed the dismissal.  Id. at ECF No. 27.

21      **b.      Whether Dismissal Constitutes Strike**

22      Beaton v. U.S. Immigration was dismissed on the express grounds of failure to allege facts

23  sufficient to state a plausible claim under § 1915A.  Further, while the Ninth Circuit's mandate

24  affirming the dismissal was not issued until November 15, 2021 (after Plaintiff initiated the instant

25  action), Supreme Court precedent dictates the underlying action brought before the district court

26  counts as a strike because it was dismissed prior to initiation of the instant action.  See Coleman,

27  575 U.S. at 534 (holding a dismissal counts as a strike even if it is pending on appeal at the time

28  the plaintiff files his new action).  Accordingly, Case No. 2:19-cv-02039-TLN-CKD (E.D. Cal.

1  2019) must be counted as a strike.

2      7.      Beaton v. Amazon.com, Inc., No. 2:19-cv-02394-KJM-AC (E.D. Cal. 2019)

3      **a.      Actions and Reasons Underlying the Dismissal**

4      Plaintiff initiated this § 1983 civil rights action against Amazon.com, Inc. on October 24,

5  2019, proceeding *pro se* and *IFP* as a state prisoner.  Beaton, No. 2:19-cv-02394-KJM-AC, ECF

6  Nos. 1, 3.  On December 31, 2019, the magistrate judge screened Plaintiff's prisoner complaint

7  pursuant to § 1915A(a) and found Plaintiff failed to state a § 1983 claim against Amazon.com as a

8  matter of law because Amazon.com was not a state actor and no government involvement was

9  alleged.  Id. at ECF No. 13.  Further, the magistrate judge found leave to amend was not warranted

10 because the factual allegations were clear and made clear that Plaintiff could not state a claim.  Id.

11 Accordingly, the magistrate judge issued findings and recommendations recommending the case

12 be dismissed for failure to state a claim and no further leave to amend be granted.  Id.  On February

13 3, 2020, the district judge adopted the findings and recommendations in full, dismissed the action,

14 and entered judgment.  Id. at ECF Nos. 16, 17.  Plaintiff did not appeal the dismissal.

15     **b.      Whether Dismissal Constitutes Strike**

16     Beaton v. Amazon.com, Inc. was expressly dismissed for failure to state a claim on which

17 relief can be granted, pursuant to § 1915A.  Accordingly, Case No. 2:19-cv-02394-KJM-AC (E.D.

18 Cal. 2019) must be counted as a strike.  28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal,

19 531 F.3d at 1153; King, 398 F.3d at 1121; Cervantes, 493 F.2d at 1052.

20     8.      Beaton v. Amazon.com, Inc., No. 2:20-cv-00247-TLN-DB (E.D. Cal. 2020)

21     **a.      Actions and Reasons Underlying the Dismissal**

22     Plaintiff, proceeding *pro se*, initiated this prisoner civil action on February 3, 2020.  Beaton,

23 No. 2:20-cv-00247-TLN-DB, ECF No. 1.   On April 8, 2020, the magistrate judge screened

24 Plaintiff's complaint pursuant to § 1915A(a) and found the complaint failed to state a § 1983 claim

25 for relief because: (1) Amazon.com was not a state actor; and (2) the allegations plainly revealed

26 the complaint pertained to actions occurring over ten years prior and was therefore barred by the

27 statute of limitations.  Id. at ECF No. 5.  Moreover, the identified defects could not be cured by

28 amendment.  Id.   Accordingly, the magistrate judge issued findings and recommendations to

1  dismiss the complaint without leave to amend and deny Plaintiff's pending motion to proceed *IFP*.

2  Id.  On July 8, 2020, the district judge adopted the findings and recommendations in full, dismissed

3  the action, denied Plaintiff's motion to proceed *IFP*, and entered judgment.  Id. at ECF Nos. 7, 8.

4  Plaintiff did not appeal the dismissal.

5                   **b.     Whether Dismissal Constitutes Strike**

6          Beaton v. Amazon.com, Inc. was expressly dismissed for failure to state a claim on which

7  relief can be granted, pursuant to § 1915A.  Accordingly, Case No. 2:20-cv-00247-TLN-DB (E.D.

8  Cal. 2020) must be counted as a strike.[3]  28 U.S.C. § 1915(g); Lomax, 140 S. Ct. at 1727; O'Neal,

9  531 F.3d at 1153; King, 398 F.3d at 1121; Cervantes, 493 F.2d at 1052.

10         **B.     The Imminent Danger Exception Does Not Apply**

11         Because plaintiff has filed at least three cases that constitute strikes under § 1915(g), he is

12  precluded from proceeding *IFP* in this action unless he can demonstrate he was "under imminent

13  danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he availability of the [imminent

14  danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not

15  at some earlier or later time."  Cervantes, 493 F.3d at 1053.  The Court has reviewed Plaintiff's

16  complaint against the IRS and finds that he has not alleged any facts which suggest he was under

17  imminent danger of serious physical injury at the time he filed his pleading.  Williams, 775 F.3d at

18  1190.  Accordingly, the imminent danger exception is inapplicable in the instant matter.  Id.;

19  Cervantes, 493 F.3d at 1053.

20  ///

21  ///

22

23  [3] The Court additionally notes Plaintiff's 2020 Beaton v. Amazon.com, Inc. case arises from the same factual predicate
asserted in Plaintiff's 2019 Amazon.com, Inc. case, and was literally filed the same day the district judge dismissed the

24  2019 action, over Plaintiff's objections to the findings and recommendations.  Accordingly, the 2020 Amazon.com,
Inc. case could have alternatively been dismissed as duplicative of Plaintiff's prior 2019 action.  Under this basis as

25  well, the dismissal is properly deemed to constitute a strike.  See Cato v. U.S., 70 F.3d 1103, 1105 n.2 (1995) (holding
a district court may dismiss a complaint under § 1915 where it "merely repeats pending or previously litigated claims")

26  (citing Denton v. Hernandez, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees
and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

27  frivolous, malicious, or repetitive lawsuits")); see also Anderson v. McIntrny, No. 2:14-cv-0011 MCE CKD P, 2015
WL 1184036, at *3 (E.D. Cal. Mar. 13, 2015) (finding actions dismissed as duplicative are frivolous and thus count as

28  strikes under § 1915(g)); Turner v. Gibson, No. 1:13-cv-1612-LJO-GSA-PC, 2013 WL 5587391, at *1 (E.D. Cal. Oct.
10, 2013) (same).

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff be DECLARED a three-strikes litigant and his *in forma pauperis* status be REVOKED pursuant to 28 U.S.C. § 1915(g);

2.    The Court's October 26, 2021 order (ECF No. 3), which directed the Director of the California Department of Corrections and Rehabilitation or designee to deduct the filing fee from Plaintiff's trust account whenever the balance exceeds $10.00, be VACATED;

3.    The Clerk of the Court be DIRECTED to serve a copy of this order on: (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and (2) the Director of California Department of Corrections and Rehabilitation or designee via the Court's electronic case filing system (CM/ECF); and

4.    Plaintiff be ORDERED TO SUBMIT, **within thirty (30) days from any order by the District Court adopting these findings and recommendations**, the appropriate filing fee, and Plaintiff be warned that his failure to comply with such order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

1   IT IS SO ORDERED.

2   Dated:   **December 7, 2021**

3                                          UNITED STATES MAGISTRATE JUDGE