UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE,<br><br>　　　　Defendant. | No.  1:21-cv-01575-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE<br><br>(Docs. 8, 11) |

Paul Nivard Beaton, a state prisoner proceeding *pro se*, initiated this civil action on October 25, 2021.  (Doc. 1.)  On October 26, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis*.  (Doc. 3.)  The Court later determined that, prior to filing this lawsuit, at least three actions Plaintiff had filed were dismissed and qualified as strikes under 28 U.S.C. § 1915(g).  Accordingly, the assigned magistrate judge issued findings and recommendations to declare Plaintiff to be a three-strike litigant, revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g) and require Plaintiff to pay the full filing fee before he is permitted to proceed in this litigation or face dismissal.  (Doc. 8.)  The Court granted Plaintiff 14 days in which to file objections to the findings and recommendations.  (*Id.*)

Plaintiff filed objections to the findings and recommendations and a motion to transfer the case to the Sacramento division. (Doc. 11.) The Court will address both matters herein.

**A.    Motion to Transfer Case to Sacramento Division**

Plaintiff appears to request that this case be transferred to the Sacramento Division of the Eastern District pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule 7.1,[1] because he is currently housed at the California Medical Facility ("CMF") which is within the jurisdiction of the Sacramento Division, not the Fresno Division. Plaintiff also argues the case should be transferred "where [the] defendant is the U.S. Government." (*See* Doc. 11 at 2–3.) The remainder of Plaintiff's filing appears to consist of objections to the December 8, 2021 findings and recommendations (Doc. 8), which the Court addresses separately below.

The federal venue statute requires that a civil action be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1404(a); *see also Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); *Davis v. Mason Cnty*, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). In addition, pursuant to Rule 120(f) of the Local Rules of the Eastern District of California, a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. E.D. Cal. L.R. 120(f).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of

---

[1] Rule 7(b) governs the form and content of filings of motions and other papers and does not appear applicable to Plaintiff's motion to transfer venue. *See* Fed. R. Civ. P. 79(b). Plaintiff also refers to Local Rule 7.1, which does not exist.

2

28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).  Under this section, the party seeking the transfer must meet the initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district and that the convenience of parties and witnesses in the interest of justice favor transfer.  28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

In a § 1404(a) analysis, the court first determines whether the case could have been brought in the transferee forum and then considers the convenience of the parties and witnesses and the interest of justice.  28 U.S.C. § 1404(a).  Courts looks to several factors to determine where the interests of justice and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)); *see also Jones*, 211 F.3d at 498–99.  "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

The party moving to transfer venue under § 1404(a) bears the burden of establishing the factors in favor of transfer. *Jones*, 211 F.3d at 499.  Finally, the decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court. *Id.* at 498.

The original complaint was filed in the Fresno Division of this Court, while Plaintiff was housed at Valley State Prison in Chowchilla, California. The defendants identified in the complaint include the Internal Revenue Service and the U.S. Government at their Fresno, California offices. (*See* Doc. 1 at 1–2.) Thus, the injury complained of occurred in Madera County, the defendant/s are located in Fresno County, and both counties are under the jurisdiction of the Fresno Division. The Court therefore finds the complaint was properly filed in the Fresno Division.

Plaintiff's argument that the case should be transferred to Sacramento because he is currently incarcerated at CMF in Vacaville, California is unpersuasive. Because the alleged violations took place within the Fresno Division of the Eastern District of California and the local offices of the named defendants both are located here, the action was properly filed in the Fresno Division of this Court. Also, the interests of justice favor retaining this action. Plaintiff has not presented any argument demonstrating that the action could have originally been brought in Sacramento, nor does he address the other § 1404 factors supporting transfer and therefore fails to meet his burden. Accordingly, the Court declines to exercise its discretion to transfer the action to Sacramento. Plaintiff's motion to transfer (Doc. 11) is therefore denied.

**B.     Findings and Recommendations**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. The Court finds that the recommendation is supported by the record and proper analysis.

In the objections asserted in his motion to transfer, Plaintiff takes issue with only being given fourteen days to file objections to the findings and recommendations; objects to the characterization of the allegations in his complaint; and asserts that he paid the filing fee for certain (unidentified) cases previously filed in 2002 and 2003 and that he was not a prisoner at the time he filed the case against defendant Chase Home Finance, No. 2:07-cv-01321-MCE-EFB. (Doc. 11 at 2–3, 6–7.) Presumably, Plaintiff is arguing that—to the extent these cases were identified by the magistrate judge as strikes—they should not be considered as such.

An independent review of the cases identified in the findings and recommendations does

not support the majority of Plaintiff's arguments.  First, the magistrate judge does not identify any cases Plaintiff filed in 2002 or 2003 as potential strikes in the findings and recommendations.  (*See generally* Doc. 8.)  Therefore, Plaintiff's argument that he paid the filing fee for his 2002 and 2003 cases is irrelevant.

Plaintiff also identifies case No. 1:20-cv-0005-DAD-JLT (PC) (E.D. Cal. 2020). (*see* Doc. 11 at 4). However, this case is not identified as a potential strike in the findings and recommendations.  As to Plaintiff's case against Chase Home Finance, No. 2:07-cv-01321-MCE-EFB, Plaintiff argues he was not incarcerated until 2011 and therefore was not a prisoner at the time of filing, so it should not be identified as a strike.  The Court agrees.  Though the docket for case No. 2:07-cv-01321 indicates that Plaintiff's address was with Valley State Prison in Chowchilla, California 93610, it appears that all filings related to this case were filed by Plaintiff and served to him at a post office box located in Alturas, California 96101.

Plaintiff has offered no objections to the seven other cases identified by the findings and recommendations as strikes (all of which were filed after 2011, when Plaintiff was incarcerated),[2] and the Court finds that these cases do constitute strikes.  Moreover, as only three prior dismissals must qualify as strikes under 28 U.S.C. § 1915(g) and the findings and recommendations have identified at least seven viable strikes, revocation of Plaintiff's *in forma pauperis* status is warranted. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to transfer case to Sacramento Division (Doc. 11) is DENIED.
2. The findings and recommendations issued December 8, 2021 (Doc. 8) are ADOPTED IN FULL.
3. Plaintiff is deemed to be a three-strike litigant, and his *in forma pauperis* status is REVOKED pursuant to 28 U.S.C. § 1915(g).
4. The Court's October 26, 2021 order (Doc. 3), which directed the Director of the California Department of Corrections and Rehabilitation or designee to deduct the

---

[2] With the exception of *Beaton v. Amazon.com, Inc.*, No. 2:19-cv-02394-KJM-AC (E.D. Cal. 2019) and *Beaton v. Amazon.com, Inc.*, No. 2:20-cv-00247-TLN-DB (E.D. Cal. 2020), the other five dismissed cases were filed as prisoner civil rights complaints on which Plaintiff proceeded *pro se* and *in forma pauperis*.  In Plaintiff's cases against Amazon.com, Inc., Plaintiff filed *pro se* civil complaints while incarcerated at Valley State Prison; in case No. 2:19-cv-02394, Plaintiff's application to proceed *in forma pauperis* was granted; in case No. 2:20-cv-00247, it was denied.

1 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00, is
2 VACATED.
3     5.    The Clerk of the Court is DIRECTED to serve a copy of this order on: (1) the
4 Financial Department, U.S. District Court, Eastern District of California, Fresno
5 Division; and (2) the Director of California Department of Corrections and
6 Rehabilitation or designee via the Court's electronic case filing system (CM/ECF);
7 and
8     6.    Plaintiff shall pay the full $402.00 filing fee for this action within 30 days of the
9 date of filing of this order. Failure to timely pay the filing fee will result in
10 dismissal of this action.

IT IS SO ORDERED.

Dated: **March 31, 2022**

*(signature)*
UNITED STATES DISTRICT JUDGE